IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL SALVADOR GARCIA, | ) | |
| Petitioner, | ) | No. C 11-0160 CRB (PR) |
| vs. | ) | ORDER REOPENING CASE AND LIFTING STAY; AND |
| MICHAEL STAINER, Acting Warden, | ) | ORDER TO SHOW CAUSE |
| Respondent. | ) | (Docket # 7 & 8) |

Petitioner, a state prisoner at the California Correctional Institution in Tehachapi, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Contra Costa County Superior Court. He also seeks appointment of counsel.

**BACKGROUND**

Following a jury trial, the jury convicted petitioner of second degree murder and found two firearm enhancement allegations to be true. On December 8, 2006, the court sentenced petitioner to 40 years to life in state prison.

Petitioner unsuccessfully appealed to the California Court of Appeal and the Supreme Court of California, which denied review on July 22, 2009. He then began seeking collateral relief from the state courts.

On January 1, 2011, while still seeking collateral relief from the state courts, petitioner filed the instant federal habeas action containing four exhausted and two unexhausted claims. He also moved for a stay so he could finish exhausting his two unexhausted claims – ineffective assistance of counsel and denial of due process.

On February 8, 2011, the court granted petitioner's motion for a stay and instructed the clerk to administratively close the case. The court explained that nothing further would take place in this matter until petitioner exhausts his claims of ineffective assistance of counsel and denial of due process, and, within 30 days thereafter, moves to reopen the case and lift the court's stay.

On February 6, 2012, petitioner filed a motion to lift the court's stay, noting that the Supreme Court of California had denied his final two claims on January 18, 2012.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Motion to Lift Stay and Claims

Good cause appearing, petitioner's motion (docket # 7) to lift the court's stay is GRANTED and the clerk is instructed to reopen this case.

/

       Petitioner seeks federal habeas corpus relief by raising six claims, including improper admission of evidence, ineffective assistance of counsel and insufficiency of the evidence. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C.     Request for Appointment of Counsel

       Petitioner's motion for appointment of counsel (docket # 8) is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claims for relief in the petition (albeit with the assistance of another prisoner) and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     The clerk shall reopen this matter and serve a copy of this order, and the petition and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

/

       2.     Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

       3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

       4.     Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: June 1, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Garcia, M.11-0160.osc.wpd