UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL SALVADOR GARCIA,<br><br>    Petitioner,<br><br>  v.<br><br>MICHAEL STAINER, Acting Warden,<br><br>    Respondent.<br>_____ / | No. C 11-0160 CRB (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. For the reasons set forth below, the petition for such relief is DENIED.

## BACKGROUND

In 2006, a Contra Costa County Superior Court jury found petitioner guilty of second degree murder, consequent to which he received a sentence of 40 years-to-life in state prison. Petitioner was denied relief on state judicial review. This federal habeas petition followed.

Evidence presented at trial showed that in 2004, petitioner shot and killed Nicole Rodriguez, his sometime girlfriend and mother of his child. The evidence that supported his guilt included the testimony of two witnesses (Elizabeth Bushey and her boyfriend Armando Alcala) who saw petitioner and Rodriguez enter Alcala's bathroom and close the door. The

couple argued and then the witnesses heard a gunshot.  They saw petitioner, who was holding a gun, run from the bathroom and slam his fist into the wall while saying, "Oh, no what have I done.  Oh, no."  Petitioner left the apartment, and the two witnesses found Rodriguez's corpse in the shower.  (Ans., Ex. F at 5–6.)

As grounds for federal habeas relief, petitioner alleges that (1) the trial court violated his Confrontation Clause right by admitting Rodriguez's statements; (2) the trial court violated his right to due process by admitting evidence of his prior acts and admissions; (3) the trial court violated his right to due process by admitting a letter petitioner sent to Rodriguez; (4) his preliminary hearing was not continuous; (5) the jury failed to make the findings necessary for felony murder; and (6) there was cumulative error.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  Williams (Terry) v. Taylor, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at

413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

**DISCUSSION**

**I.   Admission of Rodriguez's Statements**

Petitioner claims that the trial court violated his Sixth Amendment right to confrontation when it admitted evidence of Rodriguez's statements. At trial, three police officers testified about statements Rodriguez made to them during their three January 2004 "emergency dispatch responses" to incidents involving petitioner and her. According to the officers, Rodriguez stated that petitioner had beaten her, had threatened retaliation if she left him, and once dragged her by her hair down two flights of steps. (Ans., Ex. F at 7–9.)

Before this evidence was admitted, the prosecutor offered to stipulate that the testimony be admitted as nonhearsay evidence of the state of Rodriguez's mind. The trial court admitted the officers' testimony under the "forfeiture by wrongdoing" exception to the Confrontation Clause, viz., statements that otherwise would be excluded as hearsay can be admitted if the defendant's wrongdoing prevented the witness from testifying.[1] Later, the trial court instructed the jury, pursuant to a request by defense counsel, that evidence of Rodriguez's statements could be considered only insofar as they may reflect Rodriguez's state of mind, or fear of petitioner. The jury was told that such statements could not be used "to prove that certain acts of violence occurred." In his closing argument, the prosecutor discussed the evidence in accordance with the jury instructions. (Id. at 10–11).

---

[1] The trial court also admitted the statements under California Rule of Evidence 1370 ("Threat of infliction of injury"). (Ans., Ex. F at 8.)

The state appellate court seized this last point in its denial of petitioner's claim: "because the trial court made clear to the jury that this evidence was nonhearsay, the Sixth Amendment was not implicated and [petitioner's] confrontation rights were not violated." Also, even if such instruction were in error, such error was harmless according to the state appellate court because other evidence had been admitted regarding petitioner's recurring physical abuse of Rodriguez. Such evidence included: (1) Rodriguez's mother's testimony about several domestic violence incidents, including the time petitioner dragged Rodriguez by the hair down two flights of stairs; (2) Bushey's testimony that Rodriguez had told her that she was afraid of petitioner, who abused her; (3) Bushey's testimony that she saw petitioner point a gun at Rodriguez a few days before the murder; and (4) a letter petitioner wrote to Rodriguez in which he apologized for being "so rough with her." (Ans., Ex. F at 11–13.)

Out-of-court statements by witnesses that are testimonial hearsay are barred under the Confrontation Clause unless (1) the witness is unavailable, and (2) the defendant had a prior opportunity to cross-examine the witness. Crawford v. Washington, 541 U.S. 36, 59 (2004). While the Supreme Court has not articulated a comprehensive definition of testimonial hearsay, it has said that "[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Id. at 68. However, "[t]he Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Id. at 59, n.9 (citing Tennessee v. Street, 471 U.S. 409, 414 (1985)). Confrontation Clause claims are subject to harmless error analysis. See United States v. McClain, 377 F.3d 219, 222 (2d Cir. 2004).

Habeas relief is not warranted here. First, the statements were admitted with jury instructions to treat them as nonhearsay, that is, to show Rodriguez's state of mind, rather

1    than to show that the acts described in the statements actually occurred.[2]  This Court must
2    presume that the jury followed its instructions and used the evidence appropriately.
3    Richardson v. Marsh, 481 U.S. 200, 206 (1987).  Such presumption is bolstered by the fact
4    that in his closing argument the prosecutor discussed the testimony as nonhearsay state of
5    mind evidence.  Under these facts and the relevant law, the state appellate court's
6    determination that petitioner's Sixth Amendment confrontation rights were not implicated
7    was reasonable.

8        Second, the state appellate court reasonably determined that other evidence of abuse
9    (the testimony of Rodriguez's mother and that of Bushey, petitioner's letters) rendered
10   meritless any claim that Rodriguez's statements resulted in prejudice.

11       Petitioner's claim is DENIED.

12   **II.    Admission of Evidence of Prior Acts and Admissions**

13       Petitioner contends that evidence of petitioner "inflicting and/or threatening to inflict
14   physical injury" on Rodriguez was inadmissible propensity or character evidence, and
15   therefore its admission was prejudicial and violated due process.

16       Habeas relief is not warranted here because no remediable constitutional violation
17   occurred.  A federal habeas petitioner's due process right concerning the admission of
18   propensity evidence is not clearly established for purposes of review under AEDPA, the
19   Supreme Court having reserved this as an open question.  Alberni v. McDaniel, 458 F.3d
20   860, 866–67 (2006).

21       Petitioner's related contention that the prejudicial effect of the conviction evidence
22   outweighed its probative value also fails.  First, the Supreme Court "has not yet made a clear
23   ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process
24   violation sufficient to warrant issuance of the writ."  Holley v. Yarborough, 568 F.3d 1091,
25   1101 (9th Cir. 2009) (finding that trial court's admission of irrelevant pornographic materials

---

[2] The Court will assume, without deciding, that Rodriguez's statements to police were testimonial.  As noted above, statements made to police during interrogations are testimonial.

was "fundamentally unfair" under Ninth Circuit precedent but not contrary to, or an unreasonable application of, clearly established Federal law under § 2254(d)). Second, the admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process. See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). Only if there are no permissible inferences that the jury may draw from the evidence can its admission violate due process. Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991).

Here, petitioner has not shown that a specific constitutional guarantee was violated or that he was denied a fair trial. The jury could draw permissible inferences about petitioner's state of mind, as the state appellate court concluded:

> [Petitioner's] state of mind at the time of the killing was an issue that had to be resolved by the jury before it could decide whether to convict him of first or second degree murder or voluntary manslaughter. The other domestic violence evidence permitted the inference that, when he shot Rodriguez, [petitioner] acted in conformity with a larger pattern of terrorizing and abusing Rodriguez, rather than in the heat of passion.

(Ans., Ex. F at 15.) It is clear from this record that the state appellate court's rejection of petitioner's claims was reasonable. This claim is DENIED.

### III.   Admission of Petitioner's Letter

Two letters petitioner wrote to Rodriguez were admitted at trial on grounds that they were probative of petitioner's state of mind. He challenged the admission of the following two underlined sentences:

> Hey baby. Here's some things you might need. I'm sorry for being so rough with you and for everything also. I wish you would let me make everything up for you and give our girl everything she needs.
>
> <u>If you don't come back with me soon, I don't know what is going to happen.</u> I'm trying to stay calm and do the right thing. <u>I sold my weapons before I lose my mind.</u> Sometimes I think about doing something stupid out here and injuring myself some time locked up to see-to see if I forgive you.
>
> But our kid helps me stay strong and look forward to him. If I didn't do the best for you, I'm going to work twice as hard to do the best for our baby. If I can have you two, I'm going to be much different. I'm going to show you I

can be responsible and straight.

(Ans., Ex. F at 18.)

In the instant matter, petitioner contends that (1) the first disputed sentence sounded like a threat; (2) the second sentence showed that he had weapons and may have "demonized" him in the eyes of the jury; and (3) the letter had little probative value because the letter was undated and therefore the statements were not indicative of petitioner's state of mind at the time of the killing.

The state appellate court rejected these claims. First, the letters were relevant to show petitioner's state of mind. Second, the jury knew from other evidence that he had a gun. Third, the letter was written during Rodriguez's pregnancy, and therefore the time it was written could be reasonably determined. (Id. at 19.)

Habeas relief is not warranted here. First, the letters bore directly on the relevant issue of how petitioner regarded Rodriguez and their relationship. Such statements could not have been prejudicial, especially considering the amount of other evidence showing his violent and hostile feelings toward Rodriguez. Second, there was evidence indicating the time during which they were written, and that they were written proximate to the fatal events. Third, the statements about the gun could not have been prejudicial, as other such evidence established such fact. On such a record, the state appellate court's determination was reasonable.

Furthermore, even if the evidence was impermissibly inflammatory, habeas relief would not be forthcoming. First, as stated above, the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." Holley, 568 F.3d at 1101. Second, because the jury could draw permissible inferences from the evidence (as detailed above), the admission of the letters did not violate due process. See Jammal, 926 F.2d at 920. This claim is DENIED.

## IV. Preliminary Hearing

Petitioner claims that his right to due process was violated because his preliminary hearing was not "continuous," an alleged violation of Cal. Penal Code § 861. Habeas relief is not warranted here. First, this is a state law claim. Habeas relief is unavailable for violations of state law, even if such law was erroneously applied or interpreted. See Swarthout v. Cooke, 131 S. Ct. 859, 861–62 (2011). Second, the "custody" that is subject to challenge in this federal habeas proceeding is not the state court's detention order following the preliminary hearing, since that order was rendered moot by petitioner's subsequent conviction; rather, petitioner can only now challenge the conviction that resulted in his subsequent custody in this action. See 28 U.S.C. § 2254(a). This claim is DENIED.

## V. Jury's Findings Regarding Felony Murder

Petitioner, who was convicted of second degree murder, claims that the jury failed to find that he committed any felonies on which a conviction for felony murder can be predicated. Petitioner presented this claim only to the state supreme court, which summarily denied it. Such summary disposition requires this Court to conduct "an independent review of the record" to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. Plascencia v. Alameida, 467 F.3d 1190, 1198 (9th Cir. 2006).

This claim is nonsensical. Petitioner was not harmed by the alleged error. He was convicted of second degree murder, not felony murder, which is necessarily of the first degree. See Cal. Penal Code § 189. His second degree murder conviction mooted the issue of predicate felonies. In its independent review of the record, the Court concludes that the state court's denial of the claim was not objectively unreasonable. Accordingly, petitioner's claim is DENIED.

## VI.     Cumulative Error

Petitioner claims that even if the errors individually do not justify relief, the cumulative effect of all errors resulted in a fundamentally unfair trial. The state appellate court denied this claim. In some cases, although no single trial error is sufficiently prejudicial to warrant reversal, the cumulative effect of several errors may still prejudice a defendant so much that his conviction must be overturned. See Alcala v. Woodford, 334 F.3d 862, 893–95 (9th Cir. 2003). Where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation. See Mancuso v. Olivarez, 292 F.3d 939, 957 (9th Cir. 2002). Because petitioner has not shown a single constitutional error, his cumulative error claim necessarily fails. Accordingly, this claim is DENIED.

In addition to the standard cumulative error claim, petitioner raises for the first time claims regarding the assistance trial counsel. Nearly all these claims are conclusory and undetailed, failing to show how certain acts and allege deficiencies resulted in ineffective assistance, and accordingly must be DENIED because they do no meet the specificity requirements of Mayle v. Felix, 545 U.S. 644, 655 (2005).

Three remain. One relates to his uncontinuous preliminary hearing claim. This claim is DENIED because petitioner can challenge only the custody resulting from his convictions, not from his preliminary hearing. His attorney's alleged failures related to the preliminary hearing are beyond the review of this federal habeas court. The second claim relates to the jury's failure to make the findings related to felony murder. As discussed above, this claim must be DENIED because petitioner was convicted of a lesser offense. Any alleged failure of counsel relating to the issues of felony murder cannot have resulted in prejudice. The claim relates to counsel's alleged waiver of petitioner's right to testify. Waiver of the right may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so. See United States v. Joelson, 7 F.3d 174, 177 (9th Cir. 1993) (citation removed). A defendant who wants to reject his attorney's advice and take the stand may do so by insisting on testifying, speaking to the court or

discharging his lawyer. See id. A defendant waives the right to testify if he remains silent in the face of his attorney's decision not to call him as a witness. United States v. Pino-Noriega, 189 F.3d 1089, 1094–95 (9th Cir. 1999); United States v. Nohara, 3 F.3d 1239, 1244 (9th Cir. 1993). Petitioner has shown no evidence that he spoke to the court, insisted on testifying, discharged his lawyer, or otherwise indicated that he wanted to testify. Petitioner's claims are DENIED.

## CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit.

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED: May 9, 2013

CHARLES R. BREYER
United States District Judge